**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

ARTEM BIRUK,

      Plaintiff,

    vs.

THE BOEING COMPANY,

      Defendant.

Case No.: 25-2-03065-31

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

[CLERK'S ACTION REQUIRED]

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant The Boeing Company ("Boeing"), by and through its undersigned counsel, hereby removes this action from the Superior Court for the State of Washington, County of Snohomish, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1441 & 1446. This Court possesses original subject-matter jurisdiction of this action: (1) under 28 U.S.C. § 1331 because a federal question is presented and (2) under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and because complete diversity jurisdiction exists between Plaintiff Artem Biruk ("Plaintiff") and Boeing.

**I.    SUMMARY OF COMPLAINT AND RELEVANT PROCEDURAL HISTORY**

1.    On April 3, 2025, Plaintiff filed a *pro se* civil action in the Superior Court for the State of Washington, County of Snohomish, entitled *Artem Biruk v. The Boeing Company*, Case No. 25-2-03065-31. Through his Complaint, Plaintiff brings the following claims for relief against

NOTICE OF REMOVAL - 1
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Boeing: (1) "The Equal Employment Opportunity Commission," based on "national origin discrimination and genetic information (wrongful termination)"; (2) "Washington State Human Rights Commission," based on "a lot of swear words to me + bullying"; and (3) "Division of Occupational Safety and Health," based on "toxic metals for brain and lungs." A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A.**

2.      Boeing was served with a copy of the Summons and Complaint on April 8, 2025.

3.      Since the filing of Plaintiff's Complaint, no significant proceedings have taken place in Snohomish County Superior Court. In addition to the Complaint, Plaintiff filed a Summons with the Court.  A true and correct copy of Plaintiff's Summons is attached as **Exhibit B**, which, as far as Boeing is aware, comprises the entirety of the "process, pleadings, and orders" filed in this action in Snohomish County Superior Court to date.  *See* 28 U.S.C. § 1446(a).

4.      No previous application has been made for the relief requested herein.

## II.      VENUE

5.      As noted, this case was originally filed in the Superior Court for the State of Washington, Snohomish County, which makes venue proper in the U.S. District Court for the Western District of Washington.  *See* 28 U.S.C. § 128(b), 1441(a).

## III.      TIMELINESS OF REMOVAL

6.      This removal is timely because Boeing is filing it within thirty (30) days of service of the Summons and Complaint upon Boeing on April 8, 2025. *See* 28 U.S.C. §§ 1446(b) & 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day removal period begins to run upon service of the summons and complaint).

## IV.      THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

7.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Accordingly, in evaluating whether removal is proper, the Court

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 2
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

must determine whether it possesses original jurisdiction over an action.  Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

**A.      This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

8.      This Court has federal question jurisdiction of this action because Plaintiff's Complaint asserts a claim for "The Equal Employment Opportunity Commission." **Exhibit A**. Plaintiff filed a Charge of Discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) with the Equal Employment Opportunity (EEOC), of which Boeing received notice on November 6, 3024. **Exhibit C**. On March 14, 2025, the EEOC granted Plaintiff's request that the agency issue a Notice of Right to Sue letter, and the EEOC notified the parties that it was terminating its processing of Plaintiff's charge. **Exhibit C**. Plaintiff's claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, presents a question of federal law. And in cases like this one, where a federal question is presented on the face of Plaintiff's Complaint, federal question jurisdiction exists under 28 U.S.C. § 1331. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

9.      Plaintiff's Complaint also asserts state law claims of which the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) (where "a federal court would have original jurisdiction to hear this case had [plaintiff] originally filed it there, the defendants may remove the case from state to federal courts.").

10.      In sum, this Court has federal question jurisdiction of Plaintiff's Title VII claim and supplemental jurisdiction over Plaintiff's related state law claims.

**B.      This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a)(1).**

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 3
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

11. This Court has diversity jurisdiction of this action because the amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs, and because Plaintiff and Boeing are citizens of different states. 28 U.S.C. 1332(a)(1).

**1.    Plaintiff and Boeing Are Diverse.**

12. "For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed." *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *See, e.g.*, *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

13. First, Plaintiff is a citizen of the State of Washington. **Exhibit A ¶¶ 1 and 2; Exhibit B at 2.**

14. Plaintiff names no other defendants in his Complaint. **Exhibit A.**

15. For its part, Boeing's citizenship is determined by both the State in which it is incorporated, and the State where Boeing has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court has confirmed that the "phrase 'principal place of business' in 28 U.S.C. § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"—*i.e.*, the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This location is typically "the place where the corporation maintains its headquarters." *Friend*, 559 U.S. at 93; *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011); *Safeco Ins. Co. of Am. v. Woods*, 2013 WL 316184, at *3-4 (W.D. Wash. Jan. 28, 2013) (applying *Hertz* and concluding that Safeco's "principal place of business" was its new headquarters in Boston, Massachusetts, *i.e.*, its "nerve center").

16. Under these principles, Boeing is a citizen of the States of Delaware and Virginia. Boeing is incorporated in the State of Delaware, and Boeing's "principal place of business" is located at its corporate headquarters in Arlington, Virginia, where its administrative and executive functions occur. (Declaration of Loni Englund ("Englund Decl.") ¶ 3.)

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 4
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

17. As a result, Boeing is not now, and was not at the time of the filing of Plaintiff's Complaint, a citizen and/or resident of the State of Washington for purposes of determining diversity jurisdiction.

18. Accordingly, Plaintiff and Boeing are completely diverse for purposes of 28 U.S.C. § 1332(a).

**2.     The Amount in Controversy Exceeds $75,000.**

19. Removal is proper if it is more likely than not that the potential recovery on the claims exceeds $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

20. A removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez*, 102 F.3d at 404. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

21. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Korn*, 536 F. Supp. 2d at 1205 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 5
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citations omitted.)

22.    Here, Plaintiff's Complaint seeks recovery on several fronts, including the following alleged damages:

- "Wrongful termination, wrong blame and Vitaly's lies as reason of termination – $300,000";
- "Manager's blamings about my behavior – lie";
- "Bullying, harassment and swearing as reason of disrespect and emotional distress – $100,000";
- "Absence of oxygen safety mask – $150,000";
- "Disrespect of my concern by team – $55,000";
- "2 physical trainings against 1 – $200,000";
- "Human rights violations – $750,000"; and
- "Unemployment benefits denied – $600,000."

**Exhibit A (Request for Relief)**. While Boeing denies any and all liability, the value of the alleged damages placed at issue through Plaintiff's claims makes clear that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

23.    In short, because the allegations of Plaintiff's Complaint (taken as true for purposes of removal) show that more than $75,000 is placed in controversy by Plaintiff's claims, the monetary threshold for diversity jurisdiction is satisfied.

**V.    NOTICE TO PLAINTIFF AND SNOHOMISH COUNTY DISTRICT COURT**

24.    Contemporaneously with the filing of this Notice of Removal, Boeing will provide notice to Plaintiff, and Boeing will also file a copy of this Notice with the Snohomish County Superior Court, as required by 28 U.S.C. § 1446(d).

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 6
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**WHEREFORE**, Boeing, desiring to remove this case to the United States District Court for the Western District of Washington, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: April 28, 2025.          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Daniel P. Crowner*
    Daniel P. Crowner, WSBA # 37136
    daniel.crowner@ogletree.com
    1201 Third Avenue, Suite 5150
    Seattle, WA 98101
    T: 206-693-7057/F: 206-693-7058

*Attorneys for Defendant The Boeing Company*

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 7
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 28, 2025, I served the foregoing document via the method(s) below on the following parties:

Artem Biruk
2407 Manor Way, Apt, A405
Everett, WA 98203

*Attorneys for Plaintiff*

☐    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☒    by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 28th day of April 2025 at Seattle, Washington.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Jordan E. Sheets*
    Jordan E. Sheets, Practice Assistant
    jordan.sheets@ogletree.com

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT - 8
Case No.: 25-2-03065-31

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058