1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ARTEM BIRUK,                                                        CASE NO. C25-0779JLR

11                                              Plaintiff,          ORDER

v.

12

13          THE BOEING COMPANY,

14                                              Defendant.

15                                    **I.    INTRODUCTION**

16          Before the court are *pro se* Plaintiff Artem Biruk's motion to seal and Defendant

17     The Boeing Company's ("Boeing") motion to dismiss Mr. Biruk's complaint.  (MTS

18     (Dkt. # 9)[1]; MTD (Dkt. # 6); MTD Reply (Dkt. # 14).)  Each party opposes the other's

19     motions.  (MTS Resp. (Dkt. # 11); MTD Resp. (Dkt. # 8).)  The court has considered the

20     parties' submissions, the balance of the record, and the applicable law.  Being fully

21

22          [1] Mr. Biruk did not file a reply in support of his motion to seal.  (*See generally* Dkt.)

ORDER - 1

1  advised,[2] the court DENIES Mr. Biruk's motion to seal and GRANTS Boeing's motion

2  to dismiss.

### II.    BACKGROUND

4  This case arises out the termination of Mr. Biruk's employment with Boeing.  On

5  April 3, 2025, Mr. Biruk filed a complaint in the Snohomish County Superior Court

6  alleging several claims in connection with his alleged wrongful termination.  (*See* Compl.

7  (Dkt. # 1-1).)  On April 28, 2025, Boeing removed the action to this District.  (*See* Not. of

8  Removal (Dkt. # 1).)

9  On May 5, 2025, Boeing moved to dismiss Mr. Biruk's complaint under Federal

10  Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (*See* Mot.)  On May 13,

11  2025, Mr. Biruk moved to seal "portions of his initial complaint and related

12  documents[.]"  (*See* MTS at 2.)  Both motions are briefed and are ripe for review.

### III.    ANALYSIS

14  The court first addresses Mr. Biruk's motion to seal, followed by Boeing's motion

15  to dismiss.

16  **A.    Mr. Biruk's Motion to Seal**

17  Mr. Biruk asks the court to seal "portions of [his] [c]omplaint and/or exhibits filed

18  with the [c]ourt" "as identified in [his] accompanying declaration." (MTS at 2.)  In his

19  declaration, however, Mr. Biruk does not identify the "portions" of the complaint or

20  exhibits that he seeks to seal.  (*See generally* MTS; *see* Biruk Decl. (Dkt. # 10).)  The

21

22  ─────────────
[2] Neither party requested oral argument, and the court concludes that oral argument is not necessary to its disposition of the parties' motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1    court observes, however, that Mr. Biruk attached well over 100 pages of exhibits to his

2    response to Boeing's motion to dismiss.  (*See* Resp.)  The court accordingly construes

3    Mr. Biruk's motion as seeking to seal the entirety of his complaint and the exhibits he

4    filed with his response to Boeing's motion to dismiss, or alternatively, to permit

5    redactions to both documents.

6        In this District, parties seeking to file documents under seal must follow the

7    procedures set forth in Local Civil Rule 5(g).  *See* Local Rules W.D. Wash. LCR 5(g).

8    That rule requires, among other things, that the movant explain the bases for their sealing

9    request and certify that they have met and conferred with all other parties regarding their

10   sealing request.  *Id.* LCR 5(g)(3)(A)-(B).  The movant also must redact certain personally

11   identifying information from the documents at issue.  *See id.* LCR 5(g)(1)(B), 5.2.

12   Because Mr. Biruk seeks to seal exhibits, he must also comply with the procedures set

13   forth in Local Civil Rule 5(g)(4).

14       When deciding whether to seal documents on a judicial record, courts "start with a

15   strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto.*

16   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d

17   1430, 1434 (9th Cir. 1995)).  This presumption, however, "is not absolute and can be

18   overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose*

19   *Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir.

20   1999)).  More specifically, the movant bears the burden of showing that "compelling

21   reasons supported by specific factual findings . . . outweigh the general history of access

22   and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447

1    F.3d 1172, 1178-79 (9th Cir. 2006).  The court has discretion to determine whether the

2    movant has provided a compelling reason to justify sealing.  *Nixon v. Warner Commc'ns,*

3    *Inc.*, 435 U.S. 589, 599 (1978).

4         Mr. Biruk contends that sealing the complaint and exhibits is necessary to "protect

5    [his] privacy and prevent the disclosure of confidential personal details."  (MTS at 2; *see*

6    *also* Biruk Decl. ("Disclosure of these details to the public would subject me to

7    unnecessary embarrassment, distress, and possibly hinder future employment.").)  Boeing

8    opposes Mr. Biruk's motion on the basis that he failed to:  (1) identify the documents he

9    seeks to seal; (2) adhere to procedures set forth in Local Civil Rule 5(g); and (3) provide

10   compelling reasons justifying his sealing request.  (*See* MTS Resp. at 1-4.)  The court

11   agrees with Boeing.

12        Mr. Biruk's motion to seal does not satisfy the "compelling reasons" standard or

13   the various procedural requirements contained in Local Civil Rule 5(g).  (*See* 5/27/25

14   Crowner Decl. (Dkt. # 12) ¶ 2 (stating that Mr. Biruk did not attempt to attempt to meet

15   and confer prior to filing the motion to seal)); *see also* Local Rules W.D. Wash. LCR

16   5(g).  Accordingly, the court denies Mr. Biruk's motion to seal, but without prejudice to

17   re-filing a motion to seal that (1) identifies the specific documents he seeks to seal or

18   redact; (2) complies with the procedures set forth in Local Civil Rule 5(g); and

19   (3) provides "compelling reasons" justifying his sealing or redaction request.

20   **B.    Boeing's Motion to Dismiss**

21        Although Mr. Biruk's complaint is unclear, he appears to allege the following

22   claims:  (1) a "Human Rights Violation"; (2) disparate treatment employment

1  discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (3) disparate

2  treatment employment discrimination on the basis of genetic information under the

3  Genetic Information Nondiscrimination Act ("GINA") and RCW 49.44.180; (4) hostile

4  work environment under Title VII; (5) retaliation in connection with his reporting of

5  allegedly toxic solvents in the workplace; (6) civil theft; and (7) "lying about insurance."

6  (Compl. at 2-3; *see* Resp. at 11[3] (alleging a "potential violation" of Title VII).)  Boeing

7  asserts that all of Mr. Biruk's claims should be dismissed for failure to state a claim.  (*See*

8  Mot.)  The court first discusses the applicable legal standards, and then addresses

9  Boeing's motion to dismiss.

10              1.   Applicable Legal Standards

11        Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short

12  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

13  Civ. P. 8(a).  Under Rule 12(b)(6), the court must dismiss a complaint for failure to state

14  a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6)

15  dismissal may be based on "the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*

17  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must "contain

18  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

19  face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

20  550 U.S. 544, 570 (2007)).  Although Rule 8(a) does not require "detailed factual

21

22        [3] When citing to Mr. Biruk's response, the court refers to the page numbers in the
CM/ECF header.

1    allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me

2    accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).  Stated

3    differently, the plaintiff must "plead[] factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*,

5    550 U.S. at 555.  The plaintiff cannot rely on "allegations that are merely conclusory[.]"

6    *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

7         When considering a Rule 12(b)(6) motion, the court must accept the nonmoving

8    party's well-pleaded factual allegations as true and draw all reasonable inferences in

9    favor of the non-moving party.  *See Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir.

10   2019).  The court must construe a *pro se* plaintiff's pleadings liberally and "afford the

11   [plaintiff] the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir.

12   2022) (citation omitted).  The court's consideration of a Rule 12(b)(6) motion is typically

13   limited to materials submitted with a complaint.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th

14   Cir. 2006).  The court may, however, take judicial notice of matters of public record and

15   consider documents incorporated by reference for purposes of a motion to dismiss.  *See*

16   *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

17        In the instant case, Mr. Biruk attaches well over 100 pages of exhibits[4] to his

18   response to Boeing's motion to dismiss.  (*See* Resp.)  He does not, however, explain

19   which pages should be incorporated by reference, nor does he explain which documents,

20

21        ────────────────────────
        [4] Specifically, Mr. Biruk's response—including both his response letter and the attached
22   exhibits—is 298 pages long.  (*See* Resp.)  Although there are many blank pages in that filing, at
     least 100 of the 298 pages appear to be unidentified exhibits.

1   if any, the court should take judicial notice of, in assessing Boeing's motion to dismiss.

2   (*See id.*)  Accordingly, the court declines to consider these exhibits in reaching a decision

3   on Boeing's motion to dismiss.

4         2.   Mr. Biruk's Claims

5         Below, the court addresses each of Mr. Biruk's claims and Boeing's arguments

6   with respect thereto.

7              *a.   "Human Rights Violation"*

8         Mr. Biruk alleges that Boeing committed a "[h]uman [r]ights [v]iolation" because

9   he was "ignored to receive help from Union 751[,] [his] rights was denied [sic]" and he

10   was "blamed to be called a 'bad person [sic].'"  (Compl. at 2.)  Mr. Biruk does not

11   explain, however, which of his alleged "rights" were denied, the source of those alleged

12   rights, or how Boeing was involved in the denial of those unidentified rights.  Based on

13   the facts alleged, the court cannot determine whether Mr. Biruk has pled a plausible legal

14   theory.  Accordingly, this claim fails under Rule 8.  *See Balistreri*, 901 F.2d at 699.

15              *b.   Title VII Employment Discrimination*

16         The court understands Mr. Biruk to allege that Boeing discriminated against him

17   on the basis of his Ukrainian national origin.  (*See* Compl. at 1; Resp. at 3.)  In pertinent

18   part, Title VII makes it unlawful for an employer to "discharge any individual, or

19   otherwise discriminate against any individual with respect to . . . terms, conditions, or

20   privileges of employment, because of such individual's . . . national origin."  42 U.S.C.

21   § 2000e-2(a)(1).  To establish a Title VII disparate treatment claim, a plaintiff may offer

22

1   direct evidence[5] of discrimination.  *See Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir.

2   2002).  In the absence of direct evidence, Title VII discrimination claims are analyzed

3   under the burden-shifting framework established in *McDonnell Douglas Corporation v.*

4   *Green,* 411 U.S. 792 (1973).  *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018,

5   1028 (9th Cir. 2006) *(*stating that the *McDonnell Douglas* framework applies to Title VII

6   claims).  Under *McDonnell Douglas*, a plaintiff establishes a *prima facie* case of

7   discrimination by plausibly pleading that he or she:  (1) is a member of a protected class;

8   (2) was performing his or her job duties according to his or her employer's expectations;

9   (3) suffered an adverse employment action; and that (4) similarly situated individuals

10  outside his or her protected class were treated more favorably, or other circumstances

11  give rise to an inference of discrimination.  *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d

12  1151, 1156 (9th Cir. 2010); *see also Pandya v. Bank of Am.*, No. C23-1947JLR, 2024

13  WL 519178, at *6 (W.D. Wash. Feb. 9, 2024) (applying these elements in deciding a

14  motion to dismiss).  "As a precondition to the commencement of a Title VII action in

15  court, a complainant must first file a charge with the Equal Employment Opportunity

16  Commission [("EEOC").]"  *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019)

17  (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)).

18      Mr. Biruk fails to plausibly allege a Title VII disparate treatment claim.  First, Mr.

19  Biruk fails to allege that he filed a charge with the EEOC before initiating this lawsuit or

20

21      [5] Direct evidence is "evidence which, if believed, proves the fact of discriminatory animus without inference or presumption."  *Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005).

22

ORDER - 8

1  that he exhausted his administrative remedies before filing his Title VII claim in federal

2  court.  (*See* Resp. at 3 (stating only that he "reached out to Equal Employment")).)

3  Second, Mr. Biruk's complaint contains no facts plausibly demonstrating a disparate

4  treatment claim.  Although Mr. Biruk appears to allege that he was terminated on the

5  basis of his national origin (*see* Compl. at 3), he does not plead any facts describing the

6  circumstances of the alleged discrimination.  He also does not plead any facts

7  demonstrating that he was performing his job duties according to Boeing's expectations,

8  that similarly situated individuals were treated more favorably, or other circumstances

9  giving rise to an inference of discrimination on the basis of his national origin.  On the

10 facts as alleged in his complaint, the court cannot draw the reasonable inference that

11 Boeing terminated him *because of* his national origin.

12        In his response to Boeing's motion to dismiss, Mr. Biruk contends that a

13 co-worker identified as "[Mr.] Vitalii" told Mr. Biruk that "there is no such country as

14 Ukraine, and no such language as Ukrainian" and this statement constitutes national

15 origin discrimination because it was said "during a time of war[.]"  (*Id*.)  Mr. Biruk

16 contends that he was fired, but Mr. Vitalii was not.  (*Id*.)  He also asserts that his

17 manager, Robin Thorning, made "vague and subjective comments about [Mr. Biruk's]

18 'behavior and culture.'"  (*Id.* at 11.)  Mr. Biruk believes that these comments were "not

19 based on his job performance or any objective standard, but rather stem from cultural bias

20 and assumptions linked to [his] national origin."  (*Id*.)  But these assertions do not save

21 Mr. Biruk's complaint.  As a threshold matter, Mr. Biruk cannot amend his complaint

22 through his response to Boeing's motion to dismiss.  *See Riser v. Cent. Portfolio Control*

1   *Inc.*, No. C21-5238LK, 2022 WL 2209648, at *4 n.1 (W.D. Wash. June 21, 2022).

2   Furthermore, these assertions still fail to address the deficiencies described above and do

3   not demonstrate that Mr. Biruk was discriminated against because of his national origin.

4          Accordingly, on the facts alleged in the complaint, Mr. Biruk fails to state a

5   plausible Title VII disparate treatment claim.[6]

6                    *c.  Genetic Information Discrimination*

7          Mr. Biruk also appears to allege that he was discriminated against on the basis of

8   his "genetic information."  (Compl. at 2.)  Under Title II of the Genetic Information

9   Nondiscrimination Act ("GINA"), an employer is prohibited from using individual or

10  family genetic information when making employment decisions or otherwise

11  discriminating on the basis of an employee's genetic information.  42 U.S.C.

12  § 2000ff-1(a).  For purposes of GINA, "genetic information" is defined as information

13  about the genetic tests of the employee or the employee's family members or

14  "manifestation of a disease or disorder" in the employee's family members.  42 U.S.C.

15  § 2000ff(4).  To assert a claim under GINA in federal court, the plaintiff must also

16  exhaust their statutory administrative remedies.  *Wood v. ViacomCBS/Paramount*, No.

17  22-CV-6323 (LTS) (KHP), 2024 WL 4451742, at *3 (S.D.N.Y. July 15, 2024), *report*

18

19  ───────────────

20      [6] To the extent Mr. Biruk attempted to plead a disparate treatment claim under the
    Washington Law Against Discrimination ("WLAD"), the court's analysis remains the same.
    That is because the elements of a *prima facie* case of disparate treatment under WLAD and Title
21  VII are the same.  *See Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 519178, at *7 (W.D.
    Wash. Feb. 9, 2024) (citing cases).

22

1   *and recommendation adopted*, No. 22-CV-6323-LTS-KHP, 2024 WL 4263117

2   (S.D.N.Y. Sept. 23, 2024) (describing exhaustion requirements).

3        In the instant case, Mr. Biruk's complaint is devoid of any factual allegations that

4   Boeing possessed or acquired his genetic information or that Boeing discriminated

5   against him on the basis of his genetic information.  Nor does he allege any facts

6   demonstrating that he exhausted his administrative remedies before filing a claim under

7   GINA.  Accordingly, Mr. Biruk has failed to state a claim under GINA.[7]

8                *d.  Hostile Work Environment*

9        Mr. Biruk also appears to allege that he was subjected to a hostile work

10  environment on the basis of his national origin.  (*See* Compl. at 2.)  Specifically, he

11  alleges that he experienced "workplace harassment"—"a lot of swear words to [him]

12  + bullying."  (*Id.* at 2, 3.)  A hostile work environment is a type of intentional

13  discrimination that is "ambient[,] persistent, and . . . continues to exist between overt

14  manifestations."  *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 n.1 (9th Cir.

15  1998).  To state a hostile work environment claim, a plaintiff must plausibly allege that

16  (1) the defendant subjected him or her to verbal or physical conduct based on a protected

17  characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently

18  severe or pervasive to alter the conditions of his or her employment and create an abusive

19

20        [7] To the extent Mr. Biruk alleges a claim under RCW 49.44.180, the court's conclusion
21  remains the same.  That statute prohibits employers from "requir[ing], directly or indirectly, that
    any employee . . . submit genetic information or submit to screening for genetic information as a
22  condition of employment or continued employment."  Mr. Biruk pleads no such allegations here.
    (*See generally* Compl.)

ORDER - 11

1    working environment.  *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir.

2    2008); *Andreatta v. Eldorado Resorts Corp.*, 214 F. Supp. 3d 943, 952 (D. Nev. 2016)

3    (applying these elements at the motion to dismiss stage).  In addition to pleading that a

4    hostile work environment existed, a plaintiff must also plausibly allege that the employer

5    may be liable for the harassment that caused the hostile environment.  *Little v.*

6    *Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002).  "An employer may be

7    held liable for creating a hostile work environment either vicariously (i.e., through the

8    acts of a supervisor) or through negligence (i.e., failing to correct or prevent

9    discriminatory conduct by an employee)."  *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154,

10   1164 (9th Cir. 2017) (citation omitted).

11        Although Mr. Biruk alleges that he was subjected to "swear words" and

12   "bullying," he does not describe how he was bullied.  (*See generally* Compl.)  To the

13   extent that Mr. Biruk intends to assert that he experienced a hostile work environment as

14   a result of Mr. Vitalii's or his manager's statements, he has not pleaded any facts

15   demonstrating that their conduct was sufficiently persistent, severe, or pervasive within

16   the meaning of a hostile work environment claim.  Furthermore, because Mr. Biruk's

17   complaint does not specify who allegedly harassed him, nor does he describe the specific

18   conduct underlying his hostile work environment claim, the court cannot evaluate

19   whether he has plausibly pleaded that the allegedly hostile work environment may be

20

21

22

1   imputed to Boeing.[8] *See Moore v. California Dep't of Corr. & Rehab.*, No.

2   1:10-cv-01165-LJO-SMS, 2010 WL 2843417, at *6 (E.D. Cal. July 19, 2010) ("[W]hen

3   the harassing conduct is not severe in the extreme, more than a few isolated incidents

4   must have occurred to prove a hostile work environment based on working conditions.").

5   Notably, comments that are merely "rude, inappropriate, or offensive" may not rise to the

6   level of a hostile work environment claim. *Id.* On the facts alleged in the complaint, Mr.

7   Biruk fails to plausibly allege a hostile work environment claim.

8              *e. Retaliation Claim Related to Toxic Solvents*

9        Mr. Biruk also asserts a claim for "DOSH[9] Discrimination (toxic solvents)."

10   (Compl. at 2.)  It is unclear to the court which cause of action Mr. Biruk attempts to

11   plead.  To the extent Mr. Biruk attempts to plead a claim for retaliation in violation of the

12   Washington Industrial Safety and Health Act ("WISHA") in connection with his

13   reporting of allegedly toxic solvents in the workplace, the court agrees with Boeing that

14   Mr. Biruk has not plausibly stated a claim under that statute.  (*See* Mot. at 9-10.)

15        Under WISHA, it is unlawful for an employer to "discharge or in any manner

16   discriminate against any employee because such employee has filed any complaint or

17   instituted or caused to be instituted any proceeding" under the statute.

18

19        [8] Similarly, under WLAD, a plaintiff must also demonstrate that the alleged harassment is imputable to his or her employer. *Antonius v. King Cnty.*, 103 P.3d 729, 732 (2004).  Mr. Biruk

20   has not alleged any facts showing that the alleged hostile work environment is imputable to Boeing. (*See generally* Compl.)  Accordingly, his WLAD hostile work environment claim, if

21   any, fails on that basis as well.

        [9] The court understands "DOSH" to refer to the Washington State Department of Labor

22   & Industries, Division of Occupational Health and Safety.

1   RCW 49.17.160(1).  To plead a retaliation claim under WISHA, Mr. Biruk must allege

2   sufficient facts to show that Boeing terminated him for making a complaint under

3   WISHA.  *Ellis v. City of Seattle*, 13 P.3d 1065, 1071 (Wash. 2000) (citing *Wilson v. City*

4   *of Monroe,* 943 P.2d 1134 (1997)).

5          In his complaint, Mr. Biruk does not plead any facts explaining the basis for his

6   WISHA claim—let alone any facts plausibly demonstrating that Boeing retaliated against

7   him for making a complaint under WISHA.  (*See generally* Compl.)  Mr. Biruk's

8   response also does not shed light on his complaint allegations.  Rather, Mr. Biruk says

9   only that he "believe[s] the issue of the oxygen mask was really a question of how much

10  Boeing cares about the well-being and safety of its workers."  (Resp. at 7.)  Because Mr.

11  Biruk, at a minimum, pleads no facts that plausibly demonstrate that he was discharged or

12  discriminated against in connection with any dispute over oxygen masks (or toxic

13  solvents) (*see* Compl.), he fails to state a plausible WISHA retaliation claim.[10]

14

15

16

---

17        [10] In its reply brief, Boeing asks the court to take judicial notice of a February 16, 2024
    letter from the Department of Labor and Industries informing Mr. Biruk that "the Department
18  was unable to conduct an investigation of [his] complaint" "[d]ue to [his] lack of cooperation[.]"
    (Resp. at 83.)  Boeing asserts that this letter shows that Mr. Biruk failed to timely institute a
19  superior court action within 30 days of the letter. (*See* MTD Reply at 7.)  But Mr. Biruk's failure
    to institute a timely state court action has no bearing on whether Boeing retaliated against Mr.
20  Biruk for filing a DOSH complaint in the first instance.  Instead, the threshold issue here is that
    Mr. Biruk has not plausibly demonstrated that he was terminated or discriminated against in
21  connection with the filing of the DOSH complaint.  To the extent that Boeing argues that Mr.
    Biruk was required to exhaust his WISHA claim, the court is not persuaded. *See Wilson v. City*
22  *of Monroe*, 943 P.2d 1134, 1139-40 (Wash. Ct. App. 1997) (holding that RCW 49.17.160 does
    not provide an exclusive remedy for a plaintiff's retaliation claim).

1          *f.  Civil Theft*

2          Mr. Biruk also asserts a claim for "thefts (from [F]idelity [Investments])[.]"

3    (Compl. at 2.)  Specifically, Mr. Biruk contends that he "made [a] transaction from [his]

4    balance, but they steal money in negative balance [sic]."  (*Id.*)  The court understands Mr.

5    Biruk to attempt to plead a conversion claim under Washington law.  Conversion "occurs

6    when a person intentionally interferes with chattel belonging to another, either by taking

7    or unlawfully retaining it, thereby depriving the rightful owner of possession."  *Alhadeff*

8    *v. Meridian on Bainbridge Island*, 220 P.3d 1214, 1223 (Wash. 2009).

9          Here, Mr. Biruk alleges no facts showing that it was Boeing who allegedly stole

10   money from his Fidelity account, or that Boeing unlawfully retained those funds.  *See*

11   *Pub. Util. Dist. No. 1 v. Wash. Pub. Power Supply Sys.*, 705 P.2d 1195, 1211 (Wash.

12   1985).  Accordingly, Mr. Biruk has failed to plausibly plead a conversion claim.

13         *g.  "Lying About Insurance"*

14         Mr. Biruk alleges that he was "unable to receive unemployment benefits" and that

15   "there was no[] free insurance" after his termination.  (Compl. at 2.)  Based on these bare

16   assertions, the court cannot "draw the reasonable inference that the defendant is liable for

17   the misconduct alleged."  *Twombly*, 550 U.S. at 555.  Moreover, evidence in the public

18   record shows that the Washington State Employment Security Department ("ESD")

19   denied Mr. Biruk unemployment benefits beginning March 30, 2024.  (*See* 5/5/25

20   Crowner Decl. (Dkt. # 7) ¶ 2, Ex. A at 1.)  Mr. Biruk failed to timely appeal the ESD's

21   denial decision and his appeal was therefore dismissed.  (*See id.*)  It is not clear from this

22   record why the ESD denied Mr. Biruk benefits in the first instance.  In any event, Mr.

1   Biruk fails to plead any facts showing that he was denied unemployment benefits or "free

2   insurance" as a result of any conduct by Boeing.  Accordingly, Mr. Biruk's claim against

3   Boeing for "lying about insurance" fails to satisfy the requisite pleading standards.

4   **C.    Leave to Amend**

5       Under Ninth Circuit law, courts must provide a *pro se* litigant with an opportunity

6   to amend his or her complaint prior to dismissal unless amendment would be futile.  *See*

7   *McGurkin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Because the court cannot

8   conclude from Mr. Biruk's complaint that amendment would be futile, the court grants

9   him leave to file an amended complaint by **August 8, 2025** that corrects the deficiencies

10  identified in this order.  If Mr. Biruk intends to attach exhibits to his amended complaint,

11  he must also cite to the page numbers of the exhibit that purportedly support each of

12  specific claims in his amended complaint.

13                      **IV.    CONCLUSION**

14      For the foregoing reasons, the court DENIES Mr. Biruk's motion to seal (Dkt. # 9)

15  and GRANTS Boeing's motion to dismiss for failure to state a claim (Dkt. # 6).  The

16  court GRANTS Mr. Biruk leave to file an amended complaint by **August 8,**

17  **2025**.  Failure to timely file an amended complaint that addresses the deficiencies

18  identified in this order will result in dismissal of this case without prejudice.

19      Dated this 7th day of July, 2025.

20

21                          JAMES L. ROBART
                            United States District Judge

22

ORDER - 16