UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTEM BIRUK,<br><br>                Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY,<br><br>                Defendant. | CASE NO. C25-0779JLR<br><br>ORDER |

Before the court are three motions filed by *pro se* Plaintiff Artem Biruk: (1) a Federal Rule of Civil Procedure 59(e) motion to amend judgment (MAJ (Dkt. # 31)); (2) a Federal Rule of Civil Procedure 60(b) motion for relief from judgment (MFR (Dkt. # 32)); and (3) a motion for miscellaneous relief (MMR (Dkt. # 34)). All three motions seek reconsideration of and/or relief from the court's September 12, 2025 order and judgment granting Defendant The Boeing Company's ("Boeing") motion to dismiss Mr. Biruk's complaint. (9/12/25 Order (Dkt. # 29); 9/12/25 Judgment (Dkt. # 30).) Boeing opposes the motions. (MAJ Resp. (Dkt. # 35); MFR Resp. (Dkt. # 36); MMR Resp.

ORDER - 1

1 (Dkt. # 37).)  The court has considered Mr. Biruk's motions, the relevant portions of the

2 record, and the governing law.  Being fully advised, the court DENIES Mr. Biruk's

3 motions.

4       First, amending a court's prior order under Rule 59(e) is an "extraordinary

5 remedy, to be used sparingly[.]"  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890

6 (9th Cir. 2000) (citation omitted).  "Indeed, 'a motion for reconsideration [of a court's

7 prior order] should not be granted, absent highly unusual circumstances, unless the

8 district court is presented with newly discovered evidence, committed clear error, or if

9 there is an intervening change in the controlling law.'"  *Id*. (quoting *389 Orange St.

10 Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Local Rules W.D. Wash.

11 LCR 7(h)(1) ("Motions for reconsideration are disfavored.").  The court has reviewed

12 Mr. Biruk's Rule 59(e) motion and concludes that he has not identified newly discovered

13 evidence, clear error, or an intervening change in law that would justify reconsideration

14 of the court's September 12, 2025 order.  (*See generally* MAJ.)  Therefore, the court

15 denies Mr. Biruk's Rule 59(e) motion to amend judgement.

16       Second, Rule 60(b) "allows a party to seek relief from a final judgment, and

17 request reopening of his case, under a limited set of circumstances[.]"  *Gonzalez v.

18 Crosby*, 545 U.S. 524, 528 (2005).  These circumstances are: (1) mistake, inadvertence,

19 surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

20 misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a

21 judgment that has been satisfied, released, or discharged; and (6) any other reason

22 justifying relief.  Fed. R. Civ. P. 60(b).  The court has reviewed Mr. Biruk's Rule 60(b)

motion and concludes that Mr. Biruk has not shown that any of these circumstances apply here.  Therefore, the court denies Mr. Biruk's Rule 60(b) motion to amend judgment.

Finally, Mr. Biruk's motion for miscellaneous relief purports to identify additional constitutional arguments in support of his Rule 60(b) motion.  (*See* MMR.)  Mr. Biruk's motion for miscellaneous relief, like his Rule 60(b) motion, does not establish any of the six circumstances justifying a motion for relief from judgment.  Therefore, the court denies Mr. Biruk's motion for miscellaneous relief.

Consequently, for the reasons stated above, the court DENIES Mr. Biruk's Rule 59(e) motion to amend judgment (Dkt. # 31), Rule 60(b) motion for relief from judgment (Dkt. # 32), and motion for miscellaneous relief (Dkt. # 34).

Dated this 17th day of November, 2025.

JAMES L. ROBART
United States District Judge