UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTEM BIRUK,

                        Plaintiff,

        v.

THE BOEING COMPANY,

                        Defendant.

CASE NO. 2:25-cv-00779-JLR

ORDER AFFIRMING JUDGE ROBART'S DENIAL (DKT. NO. 53) OF PLAINTIF'S MOTION TO DISQUALIFY (DKT. NO. 49)

This matter comes before the Court on the Honorable Judge James L. Robart's denial (Dkt. No. 53) of Plaintiff's motion to disqualify (Dkt. No. 49).[1]  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Robart's decision not to recuse.

---

[1] The Court notes this motion was docketed as an "Agreed Motion to Disqualify Judge" but is in fact, only filed on Plaintiff's behalf.

ORDER AFFIRMING JUDGE ROBART'S DENIAL (DKT. NO. 53) OF PLAINTIF'S MOTION TO DISQUALIFY (DKT. NO. 49) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff alleges without explanation that the "Court's actions suggest that it joined or contributed to the discriminatory conduct alleged against Boeing."  (Dkt. No. 49 at 1.)  Plaintiff further alleges the Court "may have inaccurately represented that it had reviewed [his] previous filings" because, he asserts, the Court treated one of filings "as though it concerned [a] September 12 Order" when he intended it to be an objection to a July 7, 2025 Order.  (*Id*.)  Next, Plaintiff alleges that in his "view," the Court did not "meaningfully consider[]" certain evidence he provided.  (*Id*. at 1, 2.)  Plaintiff asserts his "discrimination based on national origin" and "violations of Boeing's safety rules" claims "were supported by facts and evidence in the record."  (*Id*. at 2.)  Finally, Plaintiff notes that if "the Court's actions were influenced by what it considers to be principles of 'family psychology,' [he] respectfully submit[s] that [he] strongly disagree[s] with that approach."  (*Id*. at 3).

In sum, Plaintiff asserts, in his view, "this Court is guided by bad faith rather than fairness and integrity" (*id*. at 1) and its Orders "are inconsistent with the record and with the

procedural protections guaranteed by the United States Constitution" as well as "the fair and impartial administration of justice" (*id*. at 2). He asserts he is concerned that Judge Robart "may have been influenced by factors other than an objective application of the law" and that he has "lost confidence in the impartiality of these proceedings." (*Id*.) Plaintiff seeks Judge Robart's recusal and to deem the judgment in this matter void because "it was entered in violation of the First Amendment of the United States Constitution." (*Id*. at 4.)

Plaintiff's complaints amount to disagreements with how Judge Robart adjudicated this matter. Adverse rulings, however, cannot serve as the basis for a recusal motion. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."). Plaintiff's vague assertions that Judge Robart is biased are similarly unpersuasive. *See Reed v. Paramo*, Case No.: 18-CV-361 JLS (DEB), 2023 WL 116335, at *4 (S.D. Cal. Jan. 5, 2023) (denying recusal motion in part because the plaintiff's "threadbare insinuation" that the judge was prejudiced against him on account of his race was "wholly unsupported"); *Rivera v. Gen. Cof. of Seventh-Day Adventists*, Civ. No. 95–1121–AS, 1995 WL 689356, at *1 (D. Or. Nov. 13, 1995) (denying recusal motion based on an "unsupported contention" the court's ruling was racially motivated); *Williams v. Corcoran State Prison*, Case No. 1:21-cv-01009-JLT-BAM (PC), 2022 WL 1093976, at *2 (E.D. Cal. Apr. 12, 2022) (denying recusal motion where the plaintiff's conclusory allegations of racial bias were "based on nothing more than speculation").

The Court finds Plaintiff provides no evidence that would lead a reasonable person to question Judge Robart's impartiality. Accordingly, the Court AFFIRMS Judge Robart's denial (Dkt. No. 53) of Plaintiff's motion to disqualify (Dkt. No. 49).

Dated this 7th day of July, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING JUDGE ROBART'S DENIAL (DKT. NO. 53) OF PLAINTIF'S MOTION TO DISQUALIFY (DKT. NO. 49) - 4